Jeffrey D. Vanacore
Perkins Coie LLP
30 Rockefeller Plaza, 22nd Floor
New York, New York 10112
Phone: (212) 262-6900
Facsimile: (212) 977-1649
jvanacore@perkinscoie.com

*Attorneys For Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WEIMIN HU,                                    :

         Plaintiff,                     :      **VERIFIED COMPLAINT**

    -against-                            :      Case No. 13-cv-7080 (ES) (MAH)

KAIHUA CAI, LIMAN HU AND CAI                  :      ECF Case
RESEARCH, LLC,

         Defendants.                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### VERIFIED COMPLAINT

      Plaintiff, Weimin Hu ("Mr. Hu" or "Plaintiff"), as an for his Verified Complaint against

defendants Kaihua Cai ("Mr. Cai"), Liman Hu ("Ms. Cai")[1] and Cai Research, LLC ("Cai

Research") (collectively, Mr. Cai, Ms. Cai and Cai Research, the "Defendants"), hereby alleges

and states as follows:

### NATURE OF THE ACTION

      1.    This Verified Complaint is brought against the Defendants to recover the Loan

Proceeds (as defined herein), imputed interest, attorney's fees and costs for the Defendants'

---

[1] There is no relation between Mr. Hu and Ms. Cai.  For convenience and clarity, Ms. Hu is defined herein as Ms.
Cai.

failure to repay the Loan (as defined herein), along with punitive damages for the Defendants' fraudulent conduct.

2.      The Defendants induced Mr. Hu to make the Loan to Cai Research for the purpose of establishing a hedge fund.  Unbeknownst to Mr. Hu, the Defendants had no intention of repaying the Loan or establishing the hedge fund.  Mr. Cai and Ms. Cai then misappropriated the Loan Proceeds for their own benefit.

3.      When Mr. Hu raised serious concerns about repayment of the Loan, the Defendants cut off all communication with Mr. Hu and refused to repay the Loan Proceeds.

4.      Despite demand for repayment, the Defendants have steadfastly refused to even communicate with Mr. Hu, let alone repay the Loan.

## **JURISDICTION**

5.      Plaintiff brings his Verified Complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

6.      The Defendants have admitted in court filings they are subject to the jurisdiction of courts in the State of New Jersey.

7.      This Verified Complaint is related to Civil Action No. 13-cv-7080 (the "Related Action").

8.      The entire docket of the Related Action is incorporated by reference herein.

9.      The Defendants raised no defense to personal jurisdiction in the Related Action.

10.      The Defendants raised no defense to subject matter jurisdiction in the Related Action.

## PARTIES

11.     Mr. Hu, the Plaintiff, was defrauded by the Defendants, as described more fully in this Verified Complaint.  Mr. Hu is a resident of China.

12.     Mr. Cai purports to work in the capital markets in the New York City metro area and is the founder and sole member of Cai Research.  Mr. Cai previously lived in New Jersey and subsequently moved to Great Neck, New York in or about July 2013.  Mr. Cai is now employed at AppNexus as a data scientist.

13.     Mr. Cai, at the time of much of the conduct alleged herein, was a resident of New Jersey.  During some of the time of the conduct alleged herein, Mr. Cai and Ms. Cai were residents of New York.

14.     Mr. Cai claims to have skills in derivatives, trading, qualitative investing, portfolio management, partial differential equations, algorithms, risk management, options, volatility and FX trading, quantitative analytics, quantitative finance, academia, investment banking, interest rate derivatives, fixed income and hedging.

15.     Ms. Liman Hu ("Ms. Cai" and also known as "Mimi" and no relation to Mr. Hu, the Plaintiff) is Mr. Cai's wife and was part of the fraudulent scheme described herein.

16.     Ms. Cai's domicile is the same as that of Mr. Cai's.

17.     Mr. Cai and Ms. Cai represented to the Plaintiff that Cai Research was a New York limited liability company.  However, a review of the Secretary of State database shows no record of registration with the New York State Secretary of State, although upon information and belief, Cai Research is now run from the Great Neck Home, as defined herein.  Cai Research has failed to pay wages to employees as determined by the New Jersey Department of Labor and failed to file tax returns as required in the states of New York and New Jersey.

## GENERAL ALLEGATIONS

18.     In June 2011, the Plaintiff was introduced to Mr. Cai and Ms. Cai through a mutual friend.

19.     Mr. Cai and Ms. Cai advised the Plaintiff that they were seeking a loan for a hedge fund they were establishing.

20.     Mr. Cai and Ms. Cai represented to Mr. Hu that they were experts in the subject matter described herein.

21.     Mr. Cai's Ph.D. thesis is entitled Dispersive Properties of Schrodinger Equations and Mr. Cai professes to be an expert in "Game Theory."

22.     Game theory includes the study of zero-sum games in which one person's gain exactly equals the net losses of the other participants.

23.     Mr. Cai has studied zero-sum game theory and professes to be skilled in zero-sum game theory.

24.     The Defendants provided false business information to the Plaintiff including, but not limited to: (i) background information on Cai Research and the to-be-established Cayman Fund; (ii) operational strategies; (iii) business goals; and (iv) expected profits (the "Business Information").

25.     At Mr. Cai and Ms. Cai's urging, Mr. Hu loaned the sum of three-hundred thousand dollars ($300,000.00) (the "Loan" or "Loan Proceeds") to Cai Research for a to-be-established Cayman-based fund (the "Cayman Fund").

26.     Upon information and belief, the Cayman Fund never existed, nor was one ever contemplated.

27.     The Defendants provided the Business Information and expected results of the Cayman Fund to induce the Plaintiff to loan $300,000.00 (the "Loan" or the "Loan Proceeds") to Cai Research for the purpose of, among other things, establishing the Cayman Fund.

28.     The Loan Proceeds were deposited into the checking account of Cai Research.

29.     Written demands have been made for the return of the Loan Proceeds.

30.     The Loan Proceeds have not been repaid, despite repeated demands.

31.     Despite the Defendants' affidavit in which they promised to provide an accounting of the Loan Proceeds, no accounting has been provided.

32.     Shortly after the Loan was made, Mr. Cai and Ms. Cai purchased a home in Great Neck, New York (the "Great Neck Home").  Mr. Cai and Ms. Cai have refused to disclose when the Great Neck Home was purchased or when they moved in to the Great Neck Home.

33.     Mr. Cai now operates Cai Research out of the Great Neck Home.

34.     Cai Research's books, records and operations are now located at the Great Neck Home and have been for a period of time known only to the Defendants.

35.     Mr. Cai and Ms. Cai put an amount down on the Great Neck Home that was within +/- $50,000 of the Loan Proceeds.

36.     Mr. Cai and Ms. Cai commingled the Loan Proceeds with their personal funds.

37.     Mr. Cai and Ms. Cai used the Loan Proceeds, or some portion of the commingled Loan Proceeds, to purchase the Great Neck Home.

38.     Ms. Cai has no employment contract with Cai Research.

39.     Ms. Cai was not an employee of Cai Research.

40.     Ms. Cai had no written employment agreement with Cai Research and has no formalized role in Cai Research.

41.     On May 10, 2013, the Plaintiff filed an initial complaint against the Defendants in the Supreme Court of New York (the "Initial Case").

42.     The Defendants claimed in pleadings that the New York Supreme Court had no jurisdiction over them.

43.     After the filing and during the pendency of the Initial Case, unbeknownst to the Plaintiff, the Defendants purchased the Great Neck Home in New York which would have allowed the New York Supreme Court to exercise jurisdiction over the Defendants.

44.     The Plaintiff expended considerable time and resources litigating the jurisdictional issues in the Initial Case and ultimately agreed to bring the case in New Jersey because, at the time, the Plaintiff had no knowledge, and (despite alleging that jurisdiction was not proper in New York) the Defendants did not disclose their New York residency.

45.     The Defendants improperly, and with the intent to deceive the Supreme Court of New York, denied they had any connection to New York.

## COUNT I

### (Declaratory Judgment That the Loan Is Not a Gift as Against All Defendants)

46.     Plaintiff incorporates by reference paragraphs 1 through 45, inclusive, of the Verified Complaint as if fully set forth herein.

47.     A valid gift under New Jersey Law requires donative intent.

48.     The Loan was not made with any donative intent.

49.     A valid gift under New Jersey Law requires actual delivery of a gift.

50.     The Loan was not delivered as a gift.

51.     A valid gift under New Jersey Law requires that the donor strip himself absolutely and irrevocably of all dominion and control over the subject matter of the gift.

52.     The Loan by Mr. Hu had no indicia of stripping Mr. Hu absolutely and irrevocably of all dominion and control over the Loan.

53.     The Loan was not a gift to any of the Defendants.

## COUNT II

### (Breach of Contract Causing Damage to Mr. Hu as Against All Defendants)

54.     Plaintiff incorporates by reference paragraphs 1 through 53, inclusive, of the Verified Complaint as if fully set forth herein.

55.     The Defendants breached the Loan requirements by failing to repay the Loan Proceeds to Mr. Hu.

56.     The breach was material.

57.     The breach caused loss to Mr. Hu.

58.     Plaintiff is a non-breaching party.

## COUNT III

### (Contract Rescission as Against All Defendants)

59.     Plaintiff incorporates by reference paragraphs 1 through 58, inclusive, of the Verified Complaint as if fully set forth herein.

60.     The contracting parties to the Loan can and should be returned to their pre-contract positions.

61.     The Loan may be rescinded on the request of the offended party, Mr. Hu.

62.     The contract should be rescinded because the Loan was induced fraudulently, there was failure of consideration, material breach and material default.

63.     The Loan remains executory.

64.     There has not been repayment of the Loan Proceeds.

## COUNT IV

### (Contract Performance Interfered with by All Defendants)

65.     Plaintiff incorporates by reference paragraphs 1 through 64, inclusive, of the Verified Complaint as if fully set forth herein.

66.     Ms. Cai and Mr. Cai were not a party to the Loan between Cai Research and Mr. Hu.

67.     Ms. Cai and Mr. Cai misappropriated the Loan Proceeds for their personal use which they had no right to do.

68.     Ms. Cai, Mr. Cai and Cai Research intentionally and without justification or excuse actually interfered with the performance of the Loan and are liable to Mr. Hu for damages which were proximately caused by their misconduct.

## COUNT V

### (Consideration Returned Where Contract Performance Is Impracticable as Against All Defendants)

69.     Plaintiff incorporates by reference paragraphs 1 through 68, inclusive, of the Verified Complaint as if fully set forth herein.

70.     There has been no effort whatsoever to establish the Cayman Fund or use the Loan Proceeds for any legitimate purpose.

71.     As a result, performance is impossible and impracticable.

72.     The Defendants are therefore liable for the return of the consideration paid, the Loan Proceeds and the damages so prayed for in this Verified Complaint.

## COUNT VI

### (Unjust Enrichment as Against All Defendants)

73.     Plaintiff incorporates by reference paragraphs 1 through 72, inclusive, of the Verified Complaint as if fully set forth herein.

74.     The Defendants received the benefit of the Loan and the Loan Proceeds without repayment.

75.     The Defendants must return the Loan Proceeds and imputed interest.

76.     The retention of the benefit of the Loan and Loan Proceeds without repayment is unjust.

77.     The Defendants have made no effort to utilize the Loan or Loan Proceeds for its intended purpose and have failed to take any steps to create the Cayman Fund, or use the Loan Proceeds for any other legitimate business purpose.

78.     The Loan and Loan Proceeds were provided in good faith with an expectation of repayment and the Defendants accepted the Loan Proceeds.

79.     It is unjust to retain the Loan Proceeds without repayment to Mr. Hu.

## COUNT VII

### (Business Information Misrepresented as Against All Defendants)

80.     Plaintiff incorporates by reference paragraphs 1 through 79, inclusive, of the Verified Complaint as if fully set forth herein.

81.     The Defendants misrepresented the Business Information.

82.     The Plaintiff was a reasonably foreseeable recipient of the Business Information.

83.     The Business Information was provided for a business purpose, namely the Loan.

84.     The losses were proximately caused by the Plaintiff's reliance on the misrepresentations made in providing the Business Information.

85.     The Defendants are liable for the damages prayed for herein.

## COUNT VIII

### (Corporate Officer Participating In Tort as Against Mr. Cai and Ms. Cai)

86.     Plaintiff incorporates by reference paragraphs 1 through 85, inclusive, of the Verified Complaint as if fully set forth herein.

87.     Cai Research owed fiduciary duties to Mr. Hu as a creditor of Cai Research.

88.     Cai Research delegated its duties to Mr. Cai and Ms. Cai.

89.     Ms. Cai improperly and without authorization assumed various fiduciary duties of Cai Research even though she is not an employee, agent, member or shareholder of Cai Research.

90.     The actions by Mr. Cai and Ms. Cai in misappropriating the Loan resulted in direct injury to Mr. Hu.

91.     The conduct by Mr. Cai and Ms. Cai constitutes a breach of the duty of care and loyalty to Mr. Hu and Cai Research.

## COUNT IX

### (Conspiracy to Commit Tort as Against All Defendants)

92.     Plaintiff incorporates by reference paragraphs 1 through 91, inclusive, of the Verified Complaint as if fully set forth herein.

93.     Mr. Cai and Ms. Cai formed a combination of two or more persons adequate in number to form a conspiracy.

94.      Mr. Cai and Ms. Cai entered into an agreement with a common design to perpetuate a tort against Mr. Hu using Cai Research.

95.      The conspiracy had an unlawful purpose and was achieved by unlawful means.

96.      Both Mr. Cai and Ms. Cai are liable jointly and severally for the damages suffered by Mr. Hu.

97.      The damages to Mr. Hu in the failure to repay the Loan was the proximate result of Mr. Cai and Ms. Cai's actions.

## COUNT X

### (Avoid the Corporate Liability Shield of Cai Research and Assess Personal Liability Against Mr. Cai and Ms. Cai for Cai Research's Actions)

98.      Plaintiff incorporates by reference paragraphs 1 through 97, inclusive, of the Verified Complaint as if fully set forth herein.

99.      Mr. Cai and Ms. Cai are closely identified with the affairs of Cai Research.

100.     Mr. Cai and Ms. Cai exercise control over Cai Research.

101.     Mr. Cai and Ms. Cai have pervasive control over Cai Research.

102.     Mr. Cai and Ms. Cai have confused intermingling of activity with substantial disregard for the separate nature of the corporate entity and their own personal affairs.

103.     There is serious ambiguity between and among Mr. Cai, Ms. Cai and Cai Research in the manner and capacity in which the various parties and their respective representatives are acting.

104.     Mr. Cai and Ms. Cai have commingled their personal funds with Cai Research funds.

105.     Mr. Cai and Ms. Cai have caused fraudulent and injurious consequences to Mr. Hu as a result of their close and impermissible relationship with Cai Research and having caused it to be unable to repay Mr. Hu.

106.     Mr. Cai and Ms. Cai have caused impermissible payments to be made from Cai Research to themselves without observing corporate formalities.

107.     Cai Research is being used to defeat the ends of justice.

108.     Cai Research is being used to perpetuate a fraud upon Mr. Hu.

109.     Accordingly, the Court should avoid the corporate liability shield of Cai Research and assess liability for the Loan Proceeds personally against Mr. Cai and Ms. Cai.

## **COUNT XI**

### (**Aiding in the Commission of Tort as Against All Defendants**)

110.     Plaintiff incorporates by reference paragraphs 1 through 109, inclusive, of the Verified Complaint as if fully set forth herein.

111.     Cai Research committed a tort by misappropriating the Loan Proceeds to Mr. Cai and Ms. Cai without authorization.

112.     Mr. Cai committed a tort by misappropriating the Loan Proceeds to himself.

113.     Ms. Cai committed a tort by misappropriating the Loan Proceeds to herself.

114.     Mr. Cai committed a tort by misappropriating the Loan Proceeds to Ms. Cai.

115.     Ms. Cai committed a tort by misappropriating the Loan Proceeds to Mr. Cai.

116.     Mr. Cai and Ms. Cai's conduct required legal action against both of them as joint tortfeasors through the filing of this Verified Complaint.

117.     Cai Research's conduct requires legal action against it for its participation in the tort.

118.    The Plaintiff is entitled to recover from each of the tortfeasors (Mr. Cai, Ms. Cai and Cai Research) as prayed for in this Verified Complaint.

## COUNT XII

### (Tort of Negligently Caused Economic Loss as Against All Defendants)

119.    Plaintiff incorporates by reference paragraphs 1 through 118, inclusive, of the Verified Complaint as if fully set forth herein.

120.    Mr. Hu suffered economic harm as a result of the conduct of the Defendants.

121.    Mr. Hu's loss of the Loan Proceeds was the result of the conduct of the Defendants.

122.    The Defendants are liable to Mr. Hu as a result of the loss of the Loan Proceeds.

123.    The Defendants are liable to Mr. Hu because they were the proximate cause of the loss of the Loan Proceeds and the Defendants failed to take reasonable measures to avoid the risk of causing economic damages.

## COUNT XIII

### (Punitive Damages Due From Tortfeasor as Against All Defendants)

124.    Plaintiff incorporates by reference paragraphs 1 through 123, inclusive, of the Verified Complaint as if fully set forth herein.

125.    Mr. Cai, Ms. Cai and Cai Research are joint tortfeasors against Mr. Hu.

126.    The acts by the Defendants were actuated by actual malice.

127.    The acts by the Defendants were accompanied by a wanton and willful disregard of Mr. Hu who foreseeably would be harmed by their actions.

128.    The Defendants are liable for reasonable and justifiable punitive damages as a result of the harm suffer by the Defendants' actions.

129.     Punitive damages should be awarded in addition to compensatory damages, including interest and attorney's fees.

## **COUNT XIV**

### (**Reliance on Another's Conduct as Against All Defendants**)

130.     Plaintiff incorporates by reference paragraphs 1 through 129, inclusive, of the Verified Complaint as if fully set forth herein.

131.     Mr. Hu relied on the conduct and actions of Cai Research, Mr. Cai and Ms. Cai.

132.     Mr. Hu's reliance was reasonable under the circumstances and return of the Loan Proceeds is required to prevent manifest injustice.

133.     Cai Research, Mr. Cai and Ms. Cai's voluntary conduct was done with the intention or expectation that it would be acted upon by another, namely Mr. Hu.

134.     Under the circumstances described herein, a reasonably prudent person would suppose that the Loan Proceeds were intended to be repaid.

135.     The reliance by Mr. Hu on the Defendants' conduct and representations was reasonable and in good faith.

136.     Mr. Hu's reliance was in such a manner as to change his position for the worse by providing the Loan Proceeds for which the Defendants have provided no repayment.

## **COUNT XV**

### (**Fraudulent Concealment by Fiduciary as Against Mr. Cai and Ms. Cai**)

137.     Plaintiff incorporates by reference paragraphs 1 through 136, inclusive, of the Verified Complaint as if fully set forth herein.

138.     Mr. Cai was a fiduciary of Cai Research.

139.     Ms. Cai acted as a fiduciary of Cai Research.

140.    The relationship between Mr. Cai and Ms. Cai on the one hand, and Cai Research on the other hand, was a relationship of express or implicit trust and confidence.

141.    Mr. Cai and Ms. Cai intentionally concealed from Cai Research the actual intended use of the Loan Proceeds.

142.    Mr. Cai and Ms. Cai placed Cai Research in legal jeopardy by instructing Cai Research not to repay the Loan Proceeds which caused Mr. Hu actual pecuniary loss.

143.    Mr. Hu relied on the representations made by Mr. Cai and Ms. Cai to his detriment.

144.    Mr. Hu suffered actual pecuniary losses as a result of Mr. Cai and Ms. Cai's conduct which was proximately caused by Mr. Cai and Ms. Cai's fraudulent concealment.

## COUNT XVI

### (Tort of Fraud by Others Outside Loan as Against All Defendants)

145.    Plaintiff incorporates by reference paragraphs 1 through 144, inclusive, of the Verified Complaint as if fully set forth herein.

146.    Mr. Cai and Ms. Cai induced Mr. Hu into the Loan by fraudulent and material misrepresentations.

147.    The misrepresentations were made by Ms. Cai and Mr. Cai who were both outside the transaction and not authorized to engage in the conduct they undertook for Cai Research.

148.    Mr. Hu may rescind the Loan because his reliance on the false representations was justified.

## COUNT XVII

### (Promise Causing Detrimental Reliance as Against All Defendants)

149.    Plaintiff incorporates by reference paragraphs 1 through 148, inclusive, of the Verified Complaint as if fully set forth herein.

150.    The Defendants made clear and definite promises to Mr. Hu regarding the Loan.

151.    The Defendants should have reasonably expected that Mr. Hu would rely on the promises.

152.    As a result, the Defendants are bound by the promises regarding the Loan.

153.    The Defendants are liable for the damages proximately caused by their promises.

154.    The cause of the detriment is definite and substantial in nature, Mr. Hu has not been repaid the $300,000.00 he is entitled to, along with the other relief prayed for in this Verified Complaint.

## COUNT XVIII

### (Anticipatory Breach of Contract as Against
### Cai Research and Derivatively Against Mr. Cai and Ms. Cai)

155.    Plaintiff incorporates by reference paragraphs 1 through 154, inclusive, of the Verified Complaint as if fully set forth herein.

156.    Mr. Hu demands rescission of the Loan and brings this action for damages due to breach of contract.

157.    The conduct of the Defendants indicates the intention to forego performance.

158.    The anticipatory breach is material.

159.    The Plaintiff, as the non-breaching party has given adequate notice to the Defendants of his clear intention to rescind the Loan and recover the Loan Proceeds.

160.    The Defendants have had a reasonable opportunity to return the Loan Proceeds.

161.     The Defendants have not withdrawn the repudiation of the Loan before Mr. Hu, as the non-breaching party, brings this action for damages.

## COUNT XIX

### (Conversion as Against All Defendants)

162.     Plaintiff incorporates by reference paragraphs 1 through 161, inclusive, of the Verified Complaint as if fully set forth herein.

163.     The Defendants willfully and or negligently deprived Mr. Hu of the Loan Proceeds by failing to repay the Loan.

164.     The Plaintiff has a right to be repaid the Loan Proceeds which are his property.

165.     The Defendants have repudiated the right to comply with the Loan and repay the Loan Proceeds and have exercised dominion and control over the Loan Proceeds which is inconsistent with their obligation of having to repay the Loan Proceeds.

166.     The Defendants have contested that no Loan exists and that they are entitled to the Loan Proceeds.

167.     The conduct by the Defendants constitutes common law conversion (the "Conversion").

168.     Mr. Cai and Ms. Cai aided, instigated and assisted Cai Research with the Conversion.

169.     The Defendants are liable to Mr. Hu for the return of the Loan Proceeds and the Conversion.

170.     The Defendants are liable to Mr. Hu for the value of the Loan Proceeds and the Conversion.

171.     The Defendants are liable to Mr. Hu for damages as prayed for in this Verified Complaint for the proximately caused wrongful conduct the Defendants exhibited against Mr. Hu.

172.     A reasonable demand for the surrender of the Loan Proceeds has been refused without reasonable conditions by the Defendants who are obligated to surrender the Loan Proceeds and failure to do so constitutes Conversion.

## COUNT XX

### (Constructive Fraud in Contract as Against
### Cai Research and Derivatively Against Mr. Cai and Ms. Cai)

173.     Plaintiff incorporates by reference paragraphs 1 through 172, inclusive, of the Verified Complaint as if fully set forth herein.

174.     The Defendants are a party to a bargain with Mr. Hu and are liable to Mr. Hu for the resulting damages or equitable relief.

175.     The bargain between the Defendants and Mr. Hu works a constructive fraud because the consideration provided by the Defendants to Mr. Hu is inadequate, there is evidence establishing fraud, and the consideration is so grossly inadequate as to shock the conscience of the Court.

## COUNT XXI

### (Intentional Fraud Causing Damages As Against All Defendants)

176.     Plaintiff incorporates by reference paragraphs 1 through 175, inclusive, of the Verified Complaint as if fully set forth herein.

177.     The Defendants made material misrepresentations regarding the Loan to Mr. Hu.

178.     The Defendants promised to repay the Loan but did not intend to keep the promise.

179.    The Defendants had knowledge and belief of the falsity.

180.    The Defendants had an intent not to repay the Loan that was relied upon by Mr. Hu.

181.    The Defendants are liable to Mr. Hu for reasonably relying on their representations.

182.    Mr. Hu believed the representations were true.

183.    Mr. Hu suffered damages as a result of the misrepresentations.

184.    Mr. Hu is entitled to the reasonable expense of litigation caused by the fraud.

185.    Mr. Hu is entitled to the relief prayed for in this Verified Complaint.

## COUNT XXII

**(Plead in the Alternative Pursuant to F.R.C.P. 8 -
Even If The Loan Was an Equity Investment in Cai Research,
Rescission Should Be Granted as Against All
Defendants and Loan Proceeds Returned to Mr. Hu)**

186.    Plaintiff incorporates by reference paragraphs 1 through 185, inclusive, of the Verified Complaint as if fully set forth herein.

187.    The Defendants have stated in the Related Action that the Loan was an equity interest, not a loan.

188.    The Plaintiff does not concede the Loan was equity.  However, even if the Loan Proceeds were an equity investment, rescission should be granted.

189.    According to the Plaintiffs, the Loan Proceeds were an equity interest in Cai Research.

190.    No stock or membership interest was provided for the alleged membership interest.

191.    No accounting was provided to Mr. Hu, though he was promised one by Mr. Cai and Ms. Cai.

192.    Cai Research never provided any business information to Mr. Hu after receiving the Loan Proceeds.

193.    Cai Research did not adhere to any corporate formalities required for an equity investment.

194.    Cai Research defrauded Mr. Hu and should be required to return the Loan Proceeds.

195.    Rescission should be granted because the level and materiality of performance by the Defendants is so incomplete and the breach so material that rescission is appropriate to return Mr. Hu to his original position.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Mr. Hu prays that the Court enter a judgment against Defendants for:

196.    Return of the Loan Proceeds jointly and severally from all Defendants, along with interest at the highest rate allowed by law.

197.    Attorney's fees and costs for this action as a result of Mr. Cai, Ms. Cai's and Cai Research's conduct as described in this Verified Complaint.

198.    Punitive and compensatory damages as against Mr. Cai and Ms. Cai for their conduct as described in this Verified Complaint, in an amount to be proven at trial.

199.    Rescission of the Loan and Loan Proceeds and a return of same to Mr. Hu.

200.    All relief prayed for in this Verified Complaint.

201.    Such other and further relief as this Court may deem just and proper.

Date:   November 3, 2014
        New York, New York

                                    **PERKINS COIE LLP**


                        By:     */s/ Jeffrey D. Vanacore*
                                Jeffrey D. Vanacore
                                30 Rockefeller Plaza, 22nd Floor
                                New York, New York  10112
                                T:  212.262.6900
                                F:  212.973.1649
                                E:  jvanacore@perkinscoie.com

                                *Attorneys for Plaintiff Weimin Hu*

## VERIFICATION

Weimin Hu, being first duly sworn upon oath, deposes and says:

That he is the Plaintiff herein, that he has read the foregoing Verified Complaint, and knows the contents thereof; and that the same is true based on his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and, as to those matters, he believes them to be true.

DATED this ___21___ day of October, 2014.

_____
Weimin Hu

SUBSCRIBED AND SWORN before me this _____ day of October, 2014, by

_____.


_____                    Notary Public

My Commission Expires:

# 公　证　书

(2014)京长安外民证字第55808号

申请人：胡卫民，男，一九五六年五月二十一日出生，中华人民共和国护照号码：G27802511

公证事项：签名

兹证明胡卫民于二〇一四年十月二十一日来到我处，在本公证员的面前，在前面的英文文件上签名。

中华人民共和国北京市长安公证处

公　证　员　

二〇一四年十月二十一日

# NOTARIAL CERTIFICATE

(2014)J.CA.W.M.Z.Zi,No.55808

Applicant: Hu Weimin, male, born on May 21, 1956, Chinese Passport No.: G27802511

Issue under notarization: signature

This is to certify that Hu Weimin affixed his signature to the English document attached hereto before me in my office on October 21, 2014.

Notary:Deng Xuebo

Beijing Changan Notary Public Office

The People's Republic of China

October 21, 2014

# 公　证　书

（2014）京长安外民证字第55809号

申请人：胡卫民，男，一九五六年五月二十一日出生，中华人民共和国护照号码：G27802511

公证事项：译本与原本相符

兹证明前面的（2014）京长安外民证字第55808号《公证书》的英文译本与该公证书中文原本内容相符。

中华人民共和国北京市长安公证处

公　证　员　邓雪波

二〇一四年十月二十一日

# NOTARIAL CERTIFICATE

(2014)J.CA.W.M.Z.Zi,No.55809

Applicant: Hu Weimin, male, born on May 21, 1956, Chinese Passport No.: G27802511

Issue under notarization: exact translation

This is to certify that the English translation of the Notarial Certificate (2014)J.CA.W.M.Z.Zi,No.55808 attached hereto is in conformity with the Chinese original.

Notary:Deng Xuebo

Beijing Changan Notary Public Office

The People's Republic of China

October 21, 2014